IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| JEFFREY J. WEISS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 4:07-MC-16 |
| | § | |
| DAVID HIRSCH, | § | |
| | § | |
| Defendant. | § | |

**ORDER DENYING PLAINTIFF'S EXPEDITED APPLICATION FOR
POST-JUDGMENT TURNOVER RELIEF AND BRIEF IN SUPPORT**

This matter is before the court on Plaintiff Jeffrey J. Weiss's "Expedited Application for Post-Judgment Turnover Relief and Brief in Support" (Dkt. #2), filed on July 26, 2007. The Plaintiff filed this motion pursuant to Federal Rule of Civil Procedure 69(a) and Chapter 31 of the Texas Civil Practice and Remedies Code. The Plaintiff, in part, asks the court to enjoin the Defendant from:

1. transferring or assigning any claims or rights he has related to the claims asserted in the *AAFCAP v. Champlain* lawsuit, or any rights or claims Hirsch has in the AAFCAP, LLC entity; and

2. transferring or assigning any claims or rights he has in the AAF-Springfield, Inc. entity.

The Plaintiff seeks injunctive relief pursuant to TEX. CIV. PRAC. & REM. CODE ANN. § 31.002 (the Texas Turnover Statute)[1] in order to enforce a judgment. Pursuant to Texas case law, "the typical requirements for an injunction are not applicable to an injunction granted pursuant to TEX. CIV. PRAC. & REM. CODE ANN. § 31.002." *Roosth v. Roosth*, 889 S.W.2d 445, 460 (Tex. App. –

---

[1] The Texas Turnover Statute is a purely procedural mechanism. *Bollore S.A. v. Import Warehouse, Inc.*, 448 F.3d 317, 322 (5th Cir. 2006).

Houston [14th Dist] 1994, writ denied).  However, Rule 69(a) of the Federal Rules of Civil Procedure provides, in part, as follows:

> The procedure on execution, in proceedings supplementary to and in aid of a judgment, and in proceedings on and in aid of execution shall be in accordance with the practice and procedure of the state in which the district court is held, existing at the time the remedy is sought, *except that any statute of the United States governs to the extent that it is applicable*.

FED. R. CIV. P. 69(a) (emphasis added); *In re Davis*, 170 F.3d 475, 492 (5th Cir. 1999).  "Thus, the emphasized exception makes any applicable federal statute controlling, as well as any relevant civil rule, because those rules have the force of a statute."  *Id.*; *see also Schneider v. National Railroad Passenger Corp.*, 72 F.3d 17, 19 (2nd Cir. 1995).

Here, Rule 69(a) is made subject to Rule 65(b) of the Federal Rules of Civil Procedure.  *See Schneider, supra*.  Federal Rule of Civil Procedure 65(b) provides that a temporary restraining order may be granted without notice to the adverse party or to the adverse party's attorney only if

> (2) the applicant's attorney *certifies* to the court *in writing the efforts*, if any, *which have been made to give the notice and the reasons supporting the claim that notice should not be required*.

FED. R. CIV. P. 65(b) (emphasis added).  Rule 65(b) trumps Texas state law to the extent that the typical requirements for injunctive relief must be met.  *See Schneider, supra*.  Here, however, no certification exists in the Plaintiff's *ex parte* application stating that any efforts have been made to give notice to Defendant David Hirsch.  Nor does the Plaintiff state any reasons why notice to the Defendant should not be required.  Because the Plaintiff has not met the procedural requirements for an *ex parte* application for a temporary restraining order under Rule 65(b), the Plaintiff's *ex parte*

application for a temporary restraining order is procedurally deficient.[2]  Accordingly, the Plaintiff's

"Expedited Application for Post-Judgment Turnover Relief and Brief in Support" (Dkt. #2) is hereby

**DENIED**.  Once the Plaintiff has complied with the requirements of Rule 65(b)(2), the Plaintiff may

re-urge his application.

      IT IS SO ORDERED.

      **SIGNED this the 26th day of July, 2007.**

*/s/ Richard A. Schell*
_____
RICHARD A. SCHELL
UNITED STATES DISTRICT JUDGE

---

[2] *See, e.g.*, *Dent Zone Network, L.L.C. v. Heritage Admin. Co., Inc.*, Case No. 4:03-CV-195, 2003 U.S. Dist. LEXIS 8738, at *3-*5 (E.D. Tex. May 22, 2003) (denying plaintiff's *ex parte* application for a temporary restraining order); *May v. Kennard Indep. Sch. Dist.*, Case No. 9:96-CV-256, 1996 U.S. Dist. LEXIS 14596, at *15-*16 (E.D. Tex. Oct. 1, 1996) (same).